Travelers Indem. Co. v Fishbach, L.L.C. (2023 NY Slip Op 04741)

Travelers Indem. Co. v Fishbach, L.L.C.

2023 NY Slip Op 04741

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 657060/21 Appeal No. 608 Case No. 2023-00815 

[*1]The Travelers Indemnity Company et al., Plaintiffs-Respondents,
v
Fishbach, L.L.C., et al., Defendants-Appellants.

Husch Blackwell LLP, Melville (Donald R. Pugliese of counsel), and Husch Blackwell LLP, Dallas, TX (Scott Louis Davis of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellants.
Gimigliano Mauriello & Maloney, P.A., New York (Stephen V. Gimigliano of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about September 16, 2022, which, to the extent appealed from, granted plaintiffs The Travelers Indemnity Company and The Travelers Indemnity Company of Connecticut's (collectively Travelers) motion for partial summary judgment finding that indemnity costs incurred by Travelers in connection with the asbestos liabilities of defendants' subsidiary should be allocated on a pro-rata time-on-the-risk basis, unanimously affirmed.
We agree with Travelers that it was not liable to cover costs incurred by the insured that occurred outside of the policy period and that any costs it was entitled to cover should be allocated pro rata over the entire period during which damages (personal injuries) occurred. This appeal is controlled by Keyspan Gas E. Corp. v Munich Reins. Am., Inc. (31 NY3d 51, 61 [2018]), where the Court of Appeals found that the so-called "unavailability rule," which would require insurers to bear the risk for periods when applicable insurance coverage was not available in the marketplace, was "inconsistent with the contract language that provides the foundation for the pro rata approach—namely, the 'during the policy period' limitation—and that to allocate risk to the insurer for years outside the policy period would be to ignore the very premise underlying pro rata allocation." Thus, with respect to insurance policy language like that here, which limited "indemnification to losses and occurrences during the policy period" (id. at 63 [internal quotation marks omitted]), the insured, and not the insurer, "[bore] the risk for those years during which such coverage was unavailable" (id. at 56).
Defendants' contention that Supreme Court erred by failing to give effect to the "other insurance" provisions in the Travelers policies is unavailing, as "other insurance" clauses "apply when two or more policies provide coverage during the same period, and they serve to prevent multiple recoveries from such policies" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 223 [2002]). New York law is clear that "other insurance" clauses do not apply to successive insurance policies (see Matter of Viking Pump, Inc., 27 NY3d 244, 266 [2016]); thus, despite the fact that the subject provision contains no temporal or policy period limitation, when harmonized with the definition of bodily injury, the "other insurance" provision within the Travelers policies pertains to concurrent policies that named defendants (or their subsidiaries) as additional insureds.
Defendants provided no evidence that the 1990 settlement with Travelers had anything to do with litigation commenced four years later. Supreme Court correctly
determined that, as "the release explicitly limits itself to current and future obligations and liabilities for premiums," it was irrelevant to the allocation of indemnity costs.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023